42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duwanna M. MASON, Defendant-Appellant.
 No. 93-3756.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Nov. 23, 1994.[1]
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Duwanna M. Mason entered a conditional plea of guilty to mail fraud, 18 U.S.C. Sec. 1341, preserving her right to appeal the district court's denial of her motion to suppress certain evidence seized from her home.[2] Defendant was sentenced to a term of imprisonment of five months, followed by five months of work release, and three years of supervised release.
 
 
 2
 Defendant, who worked as a secretary at a hospital, spent several years using patients' names and personal history information to obtain fraudulent credit cards and other documents, all of which were mailed to defendant at her home. An investigation by law enforcement personnel uncovered the scheme, and the defendant was interviewed. Even after this confrontation, however, defendant continued using fraudulently obtained credit cards, and applying for additional credit cards. Subsequently, an arrest warrant and search warrant were issued. Defendant argues that the search warrant was overbroad. The warrant permits the agents to search for "Any and all documents and records relating in any way to" seven of the known victims.[3]
 
 
 3
 The fourth amendment "categorically prohibits the issuance of any warrant except one 'particularly describing the ... things to be seized'." Maryland v. Garrison, 480 U.S. 79, 84, 107 S.Ct. 1013, 1016, 94 L.Ed.2d 72 (1987), quoting U.S. Constitution amend. IV. On review, we will reverse only for clear error. United States v. Ornelas-Ledesma, 16 F.3d 714 (7th Cir.1994).
 
 
 4
 The fact that the things to be seized are papers of a generic or generally inoffensive class, i.e., are not incriminating on their face, is the result of the nature of the illegal activity--not an unconstitutionally overbroad warrant. See Hessel v. O'Hearn, 977 F.2d 299, 302 (7th Cir.1992). "How detailed the warrant must be follows directly from the nature of the items [for which] there is probably cause to seize...." United States v. Bentley, 825 F.2d 1104, 1110 (7th Cir.), cert. denied, 108 S.Ct. 240 (1987). It is unavoidable that "some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized." Andresen v. Maryland, 427 U.S. 463, 482 n. 11, 96 S.Ct. 2737, 2749 n. 11, 49 L.Ed.2d 627 (1976).[4] In the present case, we conclude that the "generic description adequately define[d] the officers' authority." United States v. Bentley, 825 F.2d at 1110.
 
 
 5
 Once the agents were entitled to be in the house pursuant to the valid search warrant looking for fraudulent credit-related documents or materials relating to the known victims, the doctrine of "plain view" permits the agents to seize otherwise protected documents relating to fraud. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); Hessel v. O'Hearn, 977 F.2d at 302. Here, the officers only took materials which were clearly, on their face, false identification documents and credit forms.[5]
 
 
 6
 In view of the type of crime, the mass of details uncovered in investigation carried out over a three-year period, and the quantity of credit-related materials stocked in defendant's bedroom, the district court was correct in rejecting her argument that the items seized were "entirely consistent with innocent behavior." The agents clearly had "probable cause to associate the property with criminal activity." United States v. Rivera, 825 F.2d 152, 157 (7th Cir.1987).
 
 
 7
 Defendant points out that the affidavit attached to the application for a search warrant was never attached to the actual search warrant.[6] However, the affiant was the agent who executed the search warrant. Those involved, therefore, were aware of every detail in the affidavit and thus the scope of and limitations of the search. See United States v. Bianco, 998 F.2d 1112, 1116 (2d Cir.1993).
 
 
 8
 Moreover, evidence seized pursuant to a defective search warrant should not be excluded where the officers conducting the search acted in "objectively reasonable reliance" on the warrant and the warrant was issued by a detached and neutral magistrate. United States v. Sheppard, 468 U.S. 981, 987-88, 104 S.Ct. 3424, 3427-28, 82 L.Ed.2d 737 (1984).
 
 
 9
 We conclude that the requirements of the fourth amendment were met. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court agreed with plaintiff that oral argument might not be helpful to the court in this case. The court notified defendant and provided that defendant could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Items seized from defendant's bedroom included numerous false identification cards, credit cards, papers with personal history information of people other than defendant, credit card receipts and account statements, credit card applications, cash station receipts, and a newspaper article on credit card fraud. None of the items were in defendant's name
 
 
 [3]
 The application for the search warrant was a bit more specific. It referred to "property that constitutes evidence of a criminal offense, the fruits of crime and a person for whose arrest there is probable cause concerning a violation of Title 18, [U.S.C. Sec.] 1341."
 
 
 [4]
 In fact, the warrant here could probably have used broader language, since the police could not possibly know all the fictitious names defendant was using to further her fraudulent scheme. See United States v. Bentley, 825 F.2d 1104, 1110 (7th Cir.1987) (in rare cases a warrant stating "take every piece of paper related to the business" is not overbroad because every business transaction is potential evidence of the fraudulent scheme)
 
 
 [5]
 The defendant's bedroom was awash with incriminating items such as a false identification card bearing defendant's photograph; a myriad of credit cards in everyone's name but defendant's; stacks of blank credit card applications, some partially completed with a variety of names; along with the fraudulently obtained credit card and associated receipts in the name of a known victim
 
 
 [6]
 The search warrant's pre-printed language generically refers to an "affidavit" made by [blank] as support for a probable cause finding